IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | | |
|---|---|---|
| ARTEMAS TERRELL ROBERTS, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Civil Action No. 1:20-00272 |
| | ) | |
| WARDEN, FCI McDowell, | ) | |
| | ) | |
| Respondent. | ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241[1] (Document No. 1), filed on April 14, 2020. By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.) Having examined Petitioner's Section 2241 Petition, the undersigned finds, and hereby respectfully recommends, that Petitioner's Petition be dismissed.

### FACT AND PROCEDURE

**A.    Criminal Action No. 1:10-cr-00173:**

On September 27, 2010, Petitioner pled guilty in the Middle District of North Carolina to one count of Possession with Intent to Distribute Cocaine Base in violation of 21 U.S.C §§ 841(a)(1) and (b)(1)(B) (Count 1), and one count of Possession of Firearms in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count 3). United States v. Roberts, Case No. 1:10-cr-00173 (M.D.N.C. May 26, 2011), Document No. 35. On May 26,

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

2011, the District Court sentenced Petitioner to imprisonment for a total term of "294 months [234 months under Count 1 and 60 months under Count 3 to run consecutive to Count 1. The sentence imposed shall run concurrently with the undischarged sentence the defendant is presently serving]." Id., Document No. 42. The District Court further imposed a term of supervised release of five years on each count to be served concurrently, and a $200 special assessment. Id.

On May 31, 2011, Petitioner filed his Notice of Appeal. Id., Document No. 43. In his appeal, Petitioner argued that the District Court erred in denying his motion to suppress evidence following an alleged illegal search of his residence. Id., Document No. 53. Petitioner also filed a Motion to Remand for Resentencing in light of the Fair Sentencing Act of 2010. Id. By *per curiam* Opinion entered on February 24, 2012, the Fourth Circuit denied Petitioner's Motion to Remand and affirmed Petitioner's conviction and sentence. United States v. Roberts, 467 Fed.Appx. 187 (4th Cir. 2012). Petitioner filed a petition for writ of certiorari, which was denied by the United States Supreme Court on June 25, 2012. Roberts v. United States, 567 U.S. 943, 133 S.Ct. 47, 183 L.Ed.2d 690 (2012).

**B.     Section 3582(c) Motion to Reduce Sentence:**

On September 28, 2012, Petitioner filed his Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and Memorandum in Support. Id., Document Nos. 58 and 59. On October 10, 2013, the United States filed its Response. Id., Document No. 76. By Order entered on December 19, 2013, the District Court denied Petitioner's above Motion. Id. Document No. 78.

**C.     Section 2255 Motion:**

On February 4, 2013, Petitioner, acting *pro se*, filed in the Middle District of North Carolina a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. Id.,

Document No. 61. As grounds for relief, Petitioner argued as follows: (1) "Officers created exigency by purposely allowing Nicholson to enter Petitioner's residence by using unreasonable and poor investigative tactics;" (2) "Officers had sufficient probable cause to obtain a search warrant prior to approaching Petitioner's residence;" (3) "Petitioner should have been sentenced under FSA's more lenient penalty provision;" and (4) "Petitioner's counsel was ineffective by not investigating and preparing for Petitioner's direct appeal." Id. On July 25, 2013, Petitioner filed his Supplemental Memorandum in Law. Id., Document No. 69. On August 12, 2013, the United States filed its Response. Id., Document No. 71. On August 26, 2013, Petitioner filed his Reply. Id., Document No. 73. On June 9, 2015, United States Magistrate Judge L. Patrick Auld filed his "Memorandum Opinion and Recommendation" recommending that Petitioner's Section 2255 Motion be denied. Id., Document No. 79. On November 17, 2015, United States District Judge N. Carlton Tilley, Jr. denied Petitioner's Section 2255 Motion. Id., Document No. 82. On March 11, 2016, Petitioner filed his Notice of Appeal. Id., Document No. 87. By Order entered on May 12, 2016, the Fourth Circuit dismissed Petitioner's appeal for failure to prosecute. United States v. Roberts, Case No. 16-6370 (4th Cir.), Document No. 8.

**D.   Request for Authorization to File a Successive Section 2255 Motion:**

On April 18, 2016, Petitioner filed with the Fourth Circuit a "Motion for Authorization to File a Successive Motion Under 28 U.S.C. § 2255" pursuant to 28 U.S.C. § 2244 based upon Johnson v. United States, 576 U.S. 591, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). In re: Artemas Tyrell Roberts, Case No. 16-355 (4th Cir.), Document No. 2. By Order entered on June 20, 2016, the Fourth Circuit granted Petitioner's Motion seeking authorization to file a second or successive application for relief under 28 U.S.C. § 2255. Id., Document No. 7; Roberts, Case No. 1:10-cr-00173, Document No. 93.

E.    **Successive Section 2255 Motion:**

On June 30, 2016, Petitioner filed in the Middle District of North Carolina a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. Id., Document No. 94. As grounds for relief, Petitioner argued that he did not qualify as a career offender in light of Johnson. Id. On December 8, 2016, United States Magistrate Judge Auld filed his "Recommendation" recommending that Petitioner's Section 2255 Motion be denied. Id., Document No. 96. Although Judge Auld noted that the issue of whether or not Johnson applied to the Guidelines was currently before the United States Supreme Court in Beckles, Judge Auld determined that Petitioner would remind "a career offender based on two sets of convictions for felony controlled substance offense." Id. To the extent Petitioner was challenging his Section 924(c) conviction based upon Johnson, Judge Auld determined that "neither that conviction nor Petitioner's sentence for it related to any violent felony or crime of violence." Id. On December 22, 2016, and January 9, 2017, Petitioner filed his Objections. Id., Document Nos. 99 and 101. On April 21, 2017, Petitioner filed his Notice of Voluntary Dismissal regarding his above Section 2255 Motion. Id., Document No. 105. In his Notice, Petitioner acknowledged that his attorney had advised him regarding the Supreme Court's decision in Beckles. Id.

F.    **Motion to Reduce Sentence Pursuant to First Step Act of 2018:**

On July 12, 2019, Petitioner filed in the Middle District of North Carolina a Motion to Reduce Sentence Pursuant to the First Step Act of 2018. Id., Document No. 108. Following the granting of several extensions of time, the United States filed its Response on July 1, 2020. Id., Document No. 117. On July 15, 2020, Petitioner filed his Reply. Id., Document No. 118. On September 3, 2020, Petitioner filed his Supplement to Motion to Reduce Sentence. Id., Document No. 119. By Order entered on September 11, 2020, the District Court denied

Petitioner's above Motion. Id., Document No. 120. On September 21, 2020, Petitioner filed his Notice of Appeal. Id., Document No. 122. On January 14, 2022, the Fourth Circuit affirmed the District Court's Order. Id., Document No. 125; United States v. Roberts, 2022 WL 134841 (4th Cir. 2022).

**G.      Instant Section 2241 Petition:**

On April 14, 2020, Petitioner filed his instant Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. (Civil Action No. 1:20-00272, Document No. 1.) Citing Johnson, Petitioner argues that his state convictions for common law robbery and assault inflicting serious injury are no longer considered crimes of violence under Section 4B1.2 of the United States Sentencing Guidelines. (Id.) Petitioner further claims that his "North Carolina conviction for possession with intent to sell and deliver cocaine is no longer a prior predicate." (Id.) Therefore, Petitioner contends that he is actually innocent of being a career offender. (Id.) Petitioner argues that his sentence of 294 months "would be significantly lower without the career offender enhancement [and] this is a fundamental defect and miscarriage of justice." (Id.) As relief, Petitioner requests that he be resentenced without the career offender enhancement. (Id.)

**H.      Motion for Compassionate Release:**

On January 24, 2022, Petitioner filed in the Middle District of North Carolina his Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A). Roberts, Case No. 1:10-cr-00173, Document No. 127. In support, Petitioner relied on his alleged increased risk of severe illness and the COVID-19 pandemic. Id. By Memorandum Order entered on February 14, 2022, the District Court denied Petitioner's foregoing Motion. Id., Document No. 129.

**I.      Request for Authorization to File a Successive Section 2255 Motion:**

On February 10, 2022, Petitioner filed with the Fourth Circuit a "Motion for

Authorization to File a Successive Motion Under 28 U.S.C. § 2255" pursuant to 28 U.S.C. § 2244 based upon United States v. Laday, 56 F.3d 24 (5th Cir.). In re: Artemas Tyrell Roberts, Case No. 22-114 (4th Cir.), Document No. 2. By Order entered on February 23, 2022, the Fourth Circuit denied Petitioner's above Motion. Id., Document No. 5; Roberts, Case No. 1:10-cr-00173, Document No. 120.

## ANALYSIS

In considering an inmate's petition for *habeas* relief under 28 U.S.C. § 2241, the Court must consider whether the inmate is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975). The Court notes that Section 2241 is merely a general grant of *habeas corpus* authority. See Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003). More specific grants of *habeas corpus* authority are found in 28 U.S.C. § 2254 (state prisoners) and 28 U.S.C. § 2255 (federal prisoners). See Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2004). Section 2255 is the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. Rather, Section 2241 applies to circumstances factually quite different from those properly considered under Section 2255. While the validity of Petitioner's conviction and/or sentence is in issue under Section 2255, matters pertaining to Petitioner's "commitment or detention" are properly the subject under 28 U.S.C. § 2241. See 28 U.S.C. § 2242. Thus, in addition to those very narrow circumstances under which Section 2255 is "inadequate and ineffective," issues arising out of the allegedly unlawful or incorrect computation of Petitioner's sentence and resulting in an unconstitutional

restraint upon his liberty are properly considered under 28 U.S.C. § 2241. Allegations that a federal conviction or sentence is invalid are therefore appropriately considered under Section 2255, and allegations respecting the execution of a federal sentence are properly considered under Section 2241. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

In view of the nature of the claims, the undersigned finds Petitioner's claims are ones properly considered under Section 2255, not Section 2241. Essentially, Petitioner challenges the validity of his sentence as imposed by the Middle District of North Carolina. Citing Johnson, Petitioner argues that his sentence was improperly enhanced. Petitioner is clearly challenging the validity of his sentence, not the manner in which his sentence is being executed. Accordingly, the undersigned will briefly consider Petitioner's claims under Section 2255 for the sole purpose of determining whether the instant Section 2241 Petition should be (1) dismissed, or (2) construed as a Section 2255 Motion and transferred to the appropriate jurisdiction. See Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

It is quite clear from the language in the first paragraph of 28 U.S.C. § 2255 that Motions thereunder must be filed in the sentencing Court. The first paragraph of 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence to vacate, set aside or correct the sentence.*

(Emphasis added.) Viewing Petitioner's Petition as a Section 2255 Motion, it is clear that this

District Court lacks jurisdiction to consider it. Rather, jurisdiction is properly in the Middle District of North Carolina. While a Section 2255 Motion filed in a Court other than the sentencing Court should be transferred to the Court which sentenced the petitioner, Petitioner's instant Petition should not be construed and transferred as a Section 2255 Motion because Petitioner has proceeded under Section 2255 in the sentencing Court at least twice before and has not obtained certification/authorization to file a successive Motion from the Fourth Circuit Court of Appeals.[2]

To the extent Petitioner is claiming that Section 2255 is inadequate or ineffective, the undersigned will consider his claims under Section 2241. Although a Section 2255 Motion is the proper vehicle for challenging a federal conviction or sentence, Section 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of the Section 2255 "savings clause." Section 2255 contains a "savings clause" that allows an individual to file a petition challenging his conviction or sentence in a venue other than

---

[2] Under the Antiterrorism and Effective Death Penalty Act [AEDPA] Amendments to 28 U.S.C. § 2255 "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." To obtain certification from the Court of Appeals, the Petitioner must demonstrate that the Motion contains:
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Nevertheless, this Court need not reach the issue of whether Petitioner's Motion actually contains newly discovered evidence or presents a new rule of constitutional law. "[B]efore a prisoner can pursue a qualifying 'second or successive' 2255 Petition, he must obtain authorization from the court of appeals." 28 U.S.C. § 2244(b)(3)(A); *also see Trenkler v. United States*, 536 F.3d 85, 96 (1st Cir. 2008). The Fourth Circuit granted Petitioner authorization to file a successive Section 2255 Motion based upon the foregoing claim and Petitioner pursued the above claim in a successive Section 2255 Motion. After the Magistrate Judge recommended dismissal of the Section 2255 Motion, Petitioner filed a Notice of Voluntary Dismissal based upon *Beckles*.

the sentencing court if the Petitioner can establish that his remedy under Section 2255 is "inadequate or ineffective." In re Jones, 226 F.3d at 333("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va.)(Chief Judge Haden), aff'd, 291 F.3d 257 (4th Cir. 2001), cert. denied, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002). The Fourth Circuit has stated that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." In re Jones, 226 F.3d at 333-34. In a panel opinion, the Fourth Circuit recently extended the application of the savings clause to sentencing challenges. United States v. Wheeler, 886 F.3d 415 (4th Cir. March 28, 2018). For purposes of sentencing challenges, the Wheeler Court established a new savings clause test stating that Section 2255 is inadequate and ineffective to test the legality of a sentence when: "(1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the

aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motion; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect."[3] Id. at 429. The Wheeler Court, however, clarified that "there is no doubt that *Jones* is still good law in this circuit." Id. at 427.

Based upon the foregoing, the undersigned concludes Petitioner has not demonstrated and cannot demonstrate that Section 2255 was inadequate or ineffective such that he could resort to Section 2241. Petitioner does not allege any substantive change in settled law occurring after his Section 2255 Motion that decriminalized the conduct of his conviction. To the extent Petitioner relies upon Johnson, Petitioner cannot satisfy the criteria of either Jones or Wheeler. As stated above, Petitioner filed a 2255 Motion unsuccessfully challenging his sentence based upon

---

[3] In *Wheeler*, the United States filed a petition for rehearing en banc and the Fourth Circuit stayed the mandate pending a ruling on that motion. By Order entered on June 11, 2018, the Fourth Circuit denied the petition for rehearing en banc. *United States v. Wheeler*, 734 Fed.Appx. 892 (4th Cir. 2018); *United States v. Wheeler*, No. 16-6073, Document No. 60. In denying the petition, Circuit Judge Agee explained as follows:
> The issues in this case are of significant national importance and are best considered by the Supreme Court at the earliest possible date in order to resolve an existing circuit split that the panel decision broadens even farther. Because of the potential that the case may become moot if Wheeler is released from incarceration in October 2019, as projected, I have not requested a poll of the Court upon the petition for rehearing en banc in order to expedite the path for the Government to petition for certiorari to the Supreme Court.

*Id.* The United States filed a Motion to Stay Mandate on June 13, 2018, Wheeler filed his Response in Opposition on June 14, 2018 and the United States filed its Reply on June 18, 2018. *Id.*, Document Nos. 61, 63 and 65. By Order entered on June 18, 2018, the Fourth Circuit denied the United States' Motion to Stay Mandate. *Id.*, Document No. 66. The Fourth Circuit issued its Mandate on June 26, 2018. *Id.*, Document No. 67. A petition for writ of certiorari was filed on October 3, 2018. *United States v. Wheeler*, Case No. 18-00420. The United States Supreme Court denied the petition for writ of certiorari on March 18, 2019. *United States v. Wheeler*, 139 S.Ct. 1318 (2019).

Johnson. Rather than asserting a newly-recognized right, Petitioner is attempting to advance the same Johnson claim that was asserted in his Section 2255 Motion and rejected by the Magistrate Judge. Subsequent to the Magistrate Judge's "Recommendation," Petitioner filed a Notice of Voluntary Dismissal of his Section 2255 Motion based upon the Supreme Court's decision in Beckles. The fact that Petitioner's Section 2255 Motion was unsuccessful does not render the remedy of Section 2255 inadequate or ineffective. To the extent Petitioner again relies upon Johnson to challenge the validity of his Sentencing Guideline range, Petitioner's claim is without merit. On March 6, 2017, the United States Supreme Court held that the United States Sentencing Guidelines were not subject to a void for vagueness challenge under the Fifth Amendment. Beckles v. United States, 580 U.S. 256, 137 S.Ct. 886, 197 L.Ed.2d 145 (2017). Thus, Petitioner cannot satisfy the criteria of either Jones or Wheeler. Finally, Section 2255 is not rendered inadequate or ineffective merely because an individual is barred procedurally or by the gatekeeping requirements of Section 2255. Based upon the foregoing, Petitioner has failed to sustain his burden of showing the inadequacy or ineffectiveness of a Section 2255 Motion and his Section 2241 Petition should be dismissed.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Section 2241 Petition (Document No. 1) and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge

David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: April 7, 2023.

Omar J. Aboulhosn
United States Magistrate Judge